Peckham, J.
The plaintiff recovered a judgment of $100, interest and costs, against the defendant, pursuant to the twenty-ninth section of the pilotage act of 1853, as amended, for employing a person not holding a license as pilot under that act, or under the laws of the State of Hew Jersey, to act as pilot on its steamship “ Rising Star,” to pilot her to sea from the port of Hew York, by the way of Sandy Hook, on the 24th of July, 1868. That act requires the payment of that sum by persons employing unauthorized pilots, but the act does not apply to vessels “ licensed and engaged in the coasting trade.” (See Laws, of 1853, as amended by Laws of 1857, vol. 1, p. 501, § 29.)
The appellant insists that the act does not apply to its vessel because she was “ licensed,” as she was sailing under “ register,” which was tantamount t® a license.” But the *611 facts are found directly the other way, and this is a question simply of fact.
The court on the trial found as a fact that she was sailing under “ register,” and engaged in trade between the port of ■blew York and the port of San Francisco, and touched at the .port of Aspinwall during her voyage, but was not sailing under a “ license.” This fact, therefore, is the end of that question.
The defendant’s counsel next insists that this provision of -the State statute had been repealed by congress, and was not in force to allow or sustain this judgment.
It is conceded that it was repealed in substance by congress by an act passed in 1866 (see U. S. Stat. at Large, vol. 14, p. 228), but by an act passed February 25th, 1867 (see same vol., p. 412), the respondent insists that the State law was again restored.
All that is necessary to quote from this act is its proviso, which is as follows: “ Provided, however, that nothing in this act, or in the act of which it is amendatory, shall be construed to annul or affect any regulation established by the existing law of any State requiring vessels entering or leaving a port in such State to take a pilot duly licensed or authorized by the laws of such State, or of a State situate upon the 1 waters of the same port.”
It is plain that the re-enactment in 1867 of the statute of 1866, accompanied by this proviso, did not intend to invalidate the statute of this State under which this recovery was had. It had no such aim.
The re-enactment was made for the sole purpose of enacting the proviso, as together they constitute the whole act of 1867.
The counsel for defendant insists that as the proviso only speaks of not interfering with a regulation established by a State law, using regulation in the singular number, that it could leave in force only the prohibition of the State law and not the penalty by which it was enforced; that there was more than one regulation by the State.
*612 But the proviso extends by its terms to “ any regulation ” established by a State law, which is the same as if the words “ all regulations ” had been used. It also provides that it shall not “ annul or affect ” any such regulation. Yet if it allowed the whdle penalty to enforce the regulation to be stricken out, the act would “ affect ” the State regulation and effectually repeal it.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.